United States District Court
District of Massachusetts

| | |
|---|---|
| WILLIAM ALBERT, JR.,<br>Plaintiff,<br><br>v.<br><br>F/V MISTY DAWN, INC.,<br>Defendant. | Civil Case No.<br>13-10141-NMG |

## MEMORANDUM & ORDER

GORTON, J.

Plaintiff, William Albert, Jr. ("plaintiff"), a resident of New Jersey, brings a three-count Complaint against F/V Misty Dawn, Inc. as owner of the Fishing Vessel Misty Dawn ("defendant"). Defendant is a New Jersey corporation with its principal place of business in New Jersey. Plaintiff alleges: 1) Negligence, 2) Unseaworthiness and 3) Maintenance and Cure.

## I.  Factual Background

Plaintiff's claims arise from an accident at sea on November 3, 2012, while plaintiff was in the employ of defendant as a seaman and member of the crew of F/V Misty Dawn. Plaintiff alleges that he sustained severe and painful injuries as the result of the parting of the shackle that held a steel towing block. Because the safety chain also failed, the block whipped across the deck striking plaintiff in the lower chest and

-1-

abdomen.

## II. Procedural History

This case was filed on January 23, 2013. The Court recently heard oral argument on defendant's motion to transfer this case to the United States District Court for the District of New Jersey on the grounds of forum non conveniens and took the matter under advisement.

## III. Analysis

### A. Legal Standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." In order for the court to transfer under § 1404(a) it must be shown that the case could have been properly brought in the transferee forum. Where the proposed transferee court is a proper forum, the court is required to consider the notions of convenience and fairness on an individualized, case by case basis. Stewart Ord., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Although a plaintiff may not vex, harass or oppress a defendant through his choice of forum, unless the balance is strongly in favor of defendant, a plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

**B.    Application**

Defendant argues that the case should be transferred because it is not properly in this Court under the requirements of 28 U.S.C. § 1391(b). Under that statutory provision a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant contends that neither the first nor second prong leads to venue in this judicial district. In fact, whether or not the case belongs in this district pursuant to § 1391(b) is irrelevant to the determination of this motion given that the ordinary venue rules set forth in § 1391 do not apply to admiralty cases. See Fed. R. Civ. P. 82; see also, Cashman Equip. Corp. v. Kimmins Contracting Corp., No. CIV.A. 03-10463-DPW, 2004 WL 32961 at *4 (D. Mass. Jan. 5, 2004) ("Section 1391 does not apply to admiralty or maritime action...venue in an admiralty case lies wherever a district court has personal jurisdiction over the defendant") (internal citations and quotations omitted).

Even if the Court were to apply § 1391(b), it is clear that venue is proper under subsection (b)(1) because defendant

"resides" in Massachusetts as that term is defined in § 1391(c)(2) ("an entity...shall be deemed to reside...in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). Furthermore, a substantial part of the events giving rise to the claim in this case occurred in Massachusetts making venue proper under § 1391(b)(2). Under that subsection, the Court must look

> not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim.

Uffner v. Le Reunion Française, S.A., 244 F.3d 38, 42 (1st Cir. 2001). Defendant conducts all aspects of a functioning fish business in Massachusetts. Prior to the subject accident, F/V Misty Dawn departed from New Bedford, Massachusetts which had been its home port for several months. As a result, maintenance and preparation of the vessel prior to the accident must have occurred in Massachusetts. Furthermore, the New Bedford Fire Department was the first to respond to the scene of the accident.

Although defendant likens the instant case to McCarthy v. Canadian National Railways, 322 F. Supp. 1197 (D. Mass. 1971), in which a Canadian plaintiff was injured on a Canadian defendant's vessel, that case is distinguishable. In McCarthy, the Massachusetts Court dismissed the action on the ground of forum non conveniens because: 1) both parties were Canadian, 2) all

crew members resided in or near Nova Scotia, 3) the incident occurred while the vessel traveled between Canadian ports and 4) plaintiff received medical treatment in Maine. As a result, McCarthy's claim had no relationship to Massachusetts. Here, however, a substantial part of the events giving rise to this action occurred in Massachusetts.

Given that the venue provisions of § 1391(b) are inapplicable in this admiralty case, the Court instead determines venue pursuant to the discretionary standard set forth in § 1404. Under that standard the Court is to consider a variety of factors including the convenience of witnesses, location of relevant documents and evidence and the substantial weight that should be accorded to plaintiff's choice of forum. See Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 721-23 (1996) (citations omitted); see also, Mercier v. ITT-Sheraton International, Inc., 935 F.2d. 419, 424 (1st Cir. 1991).

Defendant asserts that the majority of relevant documents and physical evidence are located in New Jersey because defendant's principal place of business is in New Jersey and plaintiff is currently receiving medical care in New Jersey. Plaintiff responds that his most crucial medical treatment and surgeries were in Rhode Island and, furthermore, that the most important documents, his medical records, can be easily copied and produced in discovery. In addition, plaintiff states that

the block and safety chain involved in the accident are currently stowed in Fairhaven, Massachusetts, the vessel itself is currently engaged in fishing off the coast of Massachusetts and the vessel is in and out of Massachusetts' ports on a regular basis.

The Court is also mindful that the convenience of witnesses is "probably the most important factor." Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (quoting Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)); see also, Richoux v. R&G Shrimp Co., 126 F. Supp. 2d 1007, 1010 (S.D. Tex. 2000). Defendant asserts that litigating the case in Massachusetts would be inconvenient because all of the witnesses to the accident reside in New Jersey. The three key witnesses, however, frequently fish offshore, will have to travel to any venue, and Massachusetts will likely be the most convenient because they currently all fish out of New Bedford for much of the year. Plaintiff also intends to call witnesses from the New Bedford first responder team as well as the treating medical staff from Rhode Island Hospital, for which a Massachusetts court would be more convenient than New Jersey.

The Court is especially skeptical of defendant's complaint of inconvenience given that defendant has frequently been a party to litigation in the District of Massachusetts, including once as a plaintiff. Mr. Albert chose Massachusetts as the forum for

this action and the Court maintains a strong presumption in favor of his choice. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). Furthermore, application of the doctrine of forum non conveniens should be utilized by district courts only in exceptional cases. McCarthy, 322 F. Supp. at 1199. Because there are no exceptional circumstances in this case that warrant disturbing plaintiff's choice of forum, defendant's motion will be denied.

### ORDER

For the foregoing reasons, defendant's motion to transfer venue is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 19, 2013